IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDGAR VIDALES-MORALES | § | |
| | § | |
| v. | § | 2:11-CV-0111 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION TO**
**DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant, EDGAR VIDALES-MORALES, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the reasons set forth, the undersigned United States Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the Motion to Vacate, Set Aside, or Correct Sentence be DENIED.

I.
PROCEDURAL BACKGROUND

On November 18, 2009, defendant, EDGAR VIDALES-MORALES, was charged by indictment for illegal re-entry after deportation, in violation of Title 8, U.S.C. §§ 1326(a)(1) and (b)(1), and 6 U.S.C. §§ 202(3), (4), and 557.

Defendant pled guilty and, on March 5, 2010, defendant Vidales-Morales was sentenced to fifty-seven months in prison and a three-year term of supervised release.  Defendant filed a Notice of Appeal on March 18, 2010.  His attorney filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011).  Defendant Vidales-Morales then submitted a *pro se* appellate brief raising

several of the same grounds he alleges in the instant section 2255 motion. The Fifth Circuit dismissed defendant's appeal. *United States v. Vidales-Morales*, No. 10-10259, 2011 WL 1490298 (5th Cir. Apr. 19, 2011).

## II.
## DEFENDANT'S ALLEGATIONS

In support of his motion to vacate, defendant Vidales-Morales presents nine separate grounds, with grounds three, four, and five presenting the same basic argument. Defendant's allegations are as follows:

1. Defendant received ineffective assistance of trial counsel because trial counsel
   a)   failed to properly investigate the case;
   b)   failed to file a motion to suppress; and
   c)   failed to advise defendant of defenses and of his substantive rights;

2. The trial court erred by failing to properly advise the defendant of his rights pursuant to Rule 11 of the Federal Rules of Criminal Procedure, resulting in an unknowing and involuntary guilty plea;

3. Ambiguity in the Presentence Report regarding the conviction upon which the probation officer relied in recommending the sixteen-level enhancement resulted in an improper enhancement;

4. Because defendant's California[1] conviction for drug delivery did not meet the definition of an aggravated felony, the sixteen-level enhancement under the guidelines for the conviction was improper;

5. Defendant's prior conviction for simple drug possession should not have been classified as a drug trafficking crime, and was consequently improperly used by the District Court to increase defendant's sentence under the Sentencing Guidelines;[2]

---

[1] Defendant indicates in one portion of his motion that his prior conviction was out of the State of Texas. Review of the Presentence Report in defendant's underlying criminal case, 2:09-CR-087, indicates defendant's prior conviction was out of the State of California. *United States v. Vidales-Morales*, No. 2:09-CR-087, "Presentence Report," doc. 45 [hereinafter "PSR"], pg. 4 (filed April 22, 2010).

[2] The Presentence Report filed in defendant's criminal case indicated defendant's offense level was increased based upon § 2L1.2(b)(1)(A)(i), not § 2L1.2(b)(1)(C) or § 2L1.2(b)(1)(B) as defendant contends in this point of error. PSR, pg. 4.

6.  Defendant's prior California conviction should be considered an element of the offense of re-entry prohibited by 8 U.S.C. § 1326 and was improperly used to enhance defendant's sentence.

7.  Defendant is entitled to a modification of his sentence because of defendant's cultural assimilation;

8.  Defendant's sentence was greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a).

9.  Defendant's present custody is unconstitutional because his status as a deportable alien renders him ineligible for certain security classifications, drug programs, or prerelease custody.

### III.
### GOVERNMENT'S RESPONSE

The government filed its response in opposition to defendant's motion under 28 U.S.C. § 2255 on August 4, 2011. ("Response in Opposition to Application Under 28 U.S.C. § 2255, doc. 6 (filed Aug. 4, 2011) [hereinafter Response]). That response contains a very thorough analysis of the merits of all of defendant's claims and is a sufficient basis upon which to deny the motion to vacate. In particular, the government analyzes at pages eight through sixteen of the Response all of the nine grounds listed above. It is not necessary for the undersigned to restate the analysis of defendant's grounds of error that the government correctly makes. Instead, the undersigned adopts those arguments and analysis and, based thereupon, finds that the defendant is not entitled to relief and that the motion to vacate should be denied.

### IV.
### MERITS

In addition to the analysis of defendant's claims in the government's adopted response, the Court will address the merits of some of defendant's allegations. As an initial matter, the Court notes that several of the statements in defendant's pleadings are factually incorrect. The

Government, in its Response, characterizes defendant's motion as being boilerplate in nature, correctly pointing out the defendant complains the waiver of his appeal was invalid when in truth the defendant did not waive his rights to appeal but, in fact, exercised such appellate rights. *See Vidales-Morales*, No. 10-10259, 2011 WL 1490298; (Original 28 U.S.C. § 2255 Motion, doc. 1, pg. 8 (filed May 25, 2011)). Further, as the Government points out, the defendant, in discussing his prior narcotics trafficking conviction, asserts such a conviction must contain the elements of "entering with intent to commit a crime," which is clearly irrelevant to the conviction for drug trafficking involved in defendant's case. (Original 28 U.S.C. § 2255 Motion, doc. 1, pg. 10). It appears defendant Vidales-Morales, either through a prison writ writer or by himself, has submitted claims and arguments which are inapplicable to the facts of his case.

Unfortunately, the defendant did not confine his boilerplate-type pleadings to his motion to vacate. Defendant's reply brief, filed January 3, 2012, contains a number of arguments which are either totally irrelevant to his motion to vacate, to the government's response, or to his criminal case or which are rebutted by the record. For example, in his response to the government's answer, defendant complains the district court never informed him that he had a right to a trial by jury or that he had a right not to testify. (Petitioner's Reply Brief in Opposition to the Government's Response Following a § 2255 Motion, doc. 7, pgs. 10-11 (filed Jan. 3, 2012)). This is a misstatement of fact.[3]

---

[3]The transcript of the Rearraignment proceedings verifies the District Court, speaking to defendant, said:

THE COURT: Now, you have a right to plead not guilty. You have a right to continue to plead not guilty if you have already done that.
    You have a right to be tried by a jury. At that trial, you have the right to be represented by counsel as you are at every stage of the proceeding against you, and if necessary, counsel will be appointed to represent you. You have the right at the trial to confront and cross-examine witnesses against you. You have a right to testify. You have a right to present evidence. You have the right to compel the attendance of witnesses on your own behalf, and as I say, you have the right to testify yourself, if you wish to do so.

    If you plead guilty, there won't be a further trial of any kind. By pleading guilty, you

Defendant states the government concedes he was never informed that he had a right to confront and cross-examine witnesses or of compulsory process. (*Id.*, pgs. 11-12). The government has made no such concessions. Defendant additionally indicates in his reply brief that he rejected the government's plea offer and waited for nine months from the initial detention hearing before his trial began. (*Id.*, pg. 21). Defendant *accepted* the government's plea offer, and the time period between defendant's initial appearance and rearraignment proceedings was approximately two months, not nine months. In addition to these few examples, the majority of defendant's reply brief appears to have been copied from another case, and is either not relevant to his claims or completely misstates the record. Whether defendant is at fault for these frivolous pleadings or whether the fault lies with a writ writer defendant has enlisted to assist him, the necessary review of those portions of the pleadings has constituted a needless waste of the time and a drain on judicial resources.

### A. Ineffective Assistance of Counsel

As argued by the government, the defendant has not identified any particular basis for his conclusory allegations presented in his first ground of error regarding trial counsel's failure to investigate, failure to file a motion to suppress, and failure to advise the defendant of defenses and substantive rights. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (establishing "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). With these

---

    give up the right to a trial.
        If you plead guilty, the Court will question you under oath and on the record and in the presence of counsel about the offense to which you've pled, and if you answer those questions, those answers could be used against you in a prosecution for perjury or false statement.
        Do you still want to plead guilty?

THE DEFENDANT:    Yes.

*United States v. Vidales-Morales*, No. 2:09-CR-087, "Rearraignment" of Dec. 18, 2009, doc. 43 [hereinafter Rearraignment], pgs. 8-9 (filed Apr.22, 2010).

failures, defendant has failed to show ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574, 2583, 91 L.Ed.2d 305 (1986) (holding that in order to establish an ineffective assistance of counsel claim for failing to file a motion to suppress, "the defendant must also prove that his Fourth Amendment claim is meritorious"); *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (holding that a prisoner alleging inadequate investigation must show what such investigation would have uncovered and how his defense would have benefitted).

In fact, the only record evidence before the Court indicates defendant thought counsel was effective. At the guilty plea proceedings, the defendant acknowledged he was satisfied with the representation provided by his court-appointed counsel. *Vidales-Morales*, No. 2:09-CR-087, Rearraignment, pg. 8. The Court also notes that, in his response to the government's answer, the defendant does not address in any way the government's argument that his allegations of ineffective assistance of counsel were conclusory and did not entitle him to relief.

### B. Rule 11 Admonishments

The government's response adequately addresses defendant's second ground of error that the district court failed to make proper Rule 11 admonishments. Not only are those claims not cognizable since they were not raised on direct appeal, *see United States v. Frady*, 456 U.S. 152, 165, 120 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982), but they are completely rebutted by the record of the guilty plea proceedings, *Vidales-Morales*, No. 2:09-CR-087, Rearraignment, pgs. 8-9. Defendant's allegation that his waiver of his right to appeal was invalid is without any factual basis and is frivolous.

### C. Sentencing Error

In grounds of error three, four, and five, defendant challenges the sentence resulting from a sixteen-level enhancement imposed by the District Court for a prior California drug trafficking conviction. These grounds of error are adequately addressed by the government's answer. Moreover, this issue was raised on direct appeal in the supplemental brief submitted to the Fifth Circuit by appellate counsel, wherein counsel explained why this claim was not a nonfrivolous issue for direct appeal. *United States v. Vidales-Morales*, No. 10-10259, "Supplemental *Anders* Brief," doc. 00511318561, pgs. 6-9. The Fifth Circuit "concur[ed] with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review." *Vidales-Morales*, No. 10-10259, 2011 WL 1490298 at *1. In any event, defendant's challenge to the imposition of the sixteen-level enhancement is not cognizable in these proceedings. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) (holding "[a] district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255").

### D. Effect of Prior Felony Conviction

In his sixth ground of error, defendant avers his prior felony conviction should be considered an element of an 8 U.S.C. § 1326 offense as opposed to a basis for sentence enhancement. Defendant candidly and correctly notes that this argument is foreclosed by Supreme Court law. *See Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).

### E. Cultural Assimilation

In his seventh ground of error, defendant urges the Court should modify his sentence taking into consideration the cultural assimilation commentary in the Sentencing Guidelines. As correctly demonstrated by the government, defendant has failed to show in these proceedings that

modification of his sentence is warranted. *See Walker*, 68 F.3d at 934 (holding "[a] district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255"); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (per curiam) (reiterating "[w]hile cultural assimilation *may* be considered as a mitigating factor, there is no requirement that a sentencing court *must* accord it dispositive weight").

### *F. Sentence Enhancement*

Like many of his other claims, defendant's eighth ground of error, relating to the sentence enhancement, was presented to and rejected by the Fifth Circuit on direct appeal. *See Vidales-Morales*, No. 10-10259, 2011 WL 1490298 at *1; *Vidales-Morales*, No. 10-10259, "Appellant's Objection to the Initial Brief Filed by Defense Counsel," doc. 00511355243, pgs. 19-23. It is therefore not cognizable in this 28 U.S.C. § 2255 proceeding. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (holding that issues raised and disposed of in a previous appeal from an original judgment of conviction cannot be considered in section 2255 motions).

Additionally, and like his other claims relating to error occurring at the sentencing stage, this issue is not based upon a constitutional right and is therefore not cognizable in 28 U.S.C. § 2255 proceedings. *See United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995) (holding "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice") . Under well-established Fifth Circuit caselaw, the application of sentencing guidelines does not give rise to a constitutional issue. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

*G. Conditions of Confinement as a Deportable Alien*

In his ninth ground of error, defendant contends his present custody is unconstitutional because his status as a deportable alien renders him ineligible for certain security classifications, drug programs, or prerelease custody. The government's analysis of this ground is correct. This ground of error was presented to and rejected by the Fifth Circuit on direct appeal. *See Vidales-Morales*, No. 10-10259, 2011 WL 1490298 at *1; *Vidales-Morales*, No. 10-10259, "Appellant's Objection to the Initial Brief Filed by Defense Counsel," doc. 00511355243, pgs. 24-29. It is not cognizable in this 28 U.S.C. § 2255 proceeding. *See Kalish*, 780 F.2d at 508.

## V.
## RECOMMENDATION

For the reasons recited above and for the reasons set forth in detail in the government's response to defendant Vidales-Morales's motion to vacate, it is the opinion and finding of the undersigned United States Magistrate Judge that the Motion to Vacate, Set Aside, and Correct Sentence be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of July, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).